SOUTHERN SURETY CO. *v.* GREENVILLE BANK & TRUST CO.*

(Division A.  May 27, 1929.)

[122 So. 529.  No. 27945.]

*Pollard & Hamner,* of Greenwood, for appellant.

414

*Farish & Bell,* of Greenville, for appellee.

McGowen, J., delivered the opinion of the court.

In March, 1926, A. J. Harty & Co. entered into a contract with the Fighting Bayou drainage district to cut certain drainage canals and ditches in Le Flore county, Miss., and in the proposal submitted by them there occurs the following language: "You (meaning the Fighting Bayou drainage district) to advance us (meaning A. J. Harty & Co.) the sum of twenty thousand dollars as installation with equipment is in the district . . . the same to be deducted monthly as the work progresses at the rate of seventeen thousandths cents per cubic yard from such amounts as may become due contractor." The contract provided further that: "Partial payments will be made monthly provided that the work is progressing to the satisfaction of the engineer. The total amount of such payments, at any time before final completion, shall not exceed eighty per cent of the relative value of the work done as estimated by the engineer."

On March 23, 1926, A. J. Harty & Co. executed a contract bond conditioned to "well and truly observe, do, keep and perform all and singular the terms, covenants, conditions, guarantees and agreements in said contract

on their part, to be observed, done, kept and performed, and each of them, at the time and the manner and form and furnish all of the materials specified in said contract in strict accordance with the terms of said contract, and shall maintain the work contemplated until its final completion, and save harmless said district against any loss or damage whatsoever arising or occasioned by the negligence of said principals, agents, servants and employees in the performance of said work or any manner connected therewith.'' The Southern Surety Company, appellant here, signed this bond as surety.

On July 13, 1926, the contractor addressed the board of supervisors as follows: ''This will be your authority to pay the correct estimate for the month of August, 1926, when due on the first Thursday in September, being the second day, direct to the Greenville Bank & Trust Company, Greenville, Mississippi. This an assignment to said bank is given as security for a loan this day made by said bank to us.'' On the same date and endorsed on the same sheet of paper, this statement appears: ''Fighting Bayou Drainage District will pay August estimate direct to Greenville Bank & Trust Company as above when allowed and payable. [Signed] Fighting Bayou Drainage District, by J. Levingston.''

On June 1, 1926, under the above contract, the first estimate was made by the engineer. Deductions were made therefrom to cover the twenty per cent retained percentage provided for in the contract, and the seventeen thousandths cents per cubic yard to be applied as a refund on account of an advancement of the aforesaid twenty thousand dollars.

On August 4, 1926, the estimate for the work done under the contract in July was made up, and the balance, after making the deductions on the same basis as those in the estimate of June 1, 1926, was paid to Harty & Co., leaving a balance of eighteen thousand four hundred ten dol-

lars and forty cents still due and unpaid by Harty & Co. to the district from the aforesaid twenty thousand dollars advanced by the district. On August 14, 1926, Harty & Co. abandoned and surrendered the contract.

The engineer's estimate covering yardage done by Harty & Co. from August 1st to 14th, inclusive, after deducting the retained percentage and the agreed refund on the twenty thousand dollars showed a balance payable to Harty & Co. of one thousand seven hundred fifty-eight dollars and ninety-one cents. Appellee, Greenville Bank & Trust Company, claimed this sum under its assignment.

The Southern Surety Company, upon the abandonment of the contract by Harty & Co., was called on to take up and complete the contract, which they undertook to do immediately, and alleged that, on account thereof, it, the surety company, would suffer heavy financial loss.

In April 1927, the Greenville Bank & Trust Company filed its bill in the chancery court of Le Flore county against the Fighting Bayou drainage district and the Southern Surety Company, asking for a decree awarding the said fund of one thousand seven hundred fifty-eight dollars and ninety-one cents to the said bank, on account of its said assignment from the contractor, Harty & Co. The drainage district answered to the effect that they were stakeholders and were unwilling to decide whether the funds should go to the Greenville Bank & Trust Company, or to the Surety Company, who had taken over the contract at a heavy prospective loss, and offered to pay the money into court.

The Southern Surety Company filed its answer, setting up the foregoing facts; denying the right of the bank as assignee of the fund to same, or any part thereof; and alleging that its loss, by reason of having to take over the contract, would run into thousands of dollars; that the suit was prematurely brought; that it was equitably subrogated to all of the rights of the drainage district

in and to the fund; and praying that a decree of the court issue awarding said fund to it.

Thereupon the Greenville Bank & Trust Company filed a motion to strike the answer from the files, on the ground that it did not constitute a defense to the bill, which motion was, by the chancellor, sustained, and decree entered accordingly, to which decree appellant excepted, praying an appeal to settle the principles involved in the cause, which appeal was granted.

It was agreed that the assignment was duly executed by the contractor to the appellee, and that the indebtedness covered thereby was never discharged. The contract and bond were made part of the pleading for the purpose of hearing the motion to strike.

No point is made on the pleadings, and the case is submitted here on the sole contention of the appellant that it is equitably subrogated to the rights of the drainage district, and therefore has a prior claim in virtue of the doctrine of equitable subrogation, as against the claim of the Greenville Bank & Trust Company, as assignee, insofar as the fund amounting to one thousand seven hundred fifty-eight dollars and ninety-one cents is concerned.

There is no question but that the contractor had entered upon his contract and had received his pay for the months preceding August 1st; hence there is no question but that the amount involved here is the monthly "progress" fund authorized to be paid to the contractor by the drainage district. There is no question but that the contract had been entered upon and that the twenty thousand dollar advancement was being treated as part of the retainage. To put it differently, the contract stipulated, and the surety company agreed thereto, that, in addition to the twenty per cent retainage fund, there was to be seventeen thousandths cents retained from each monthly estimate as payment on the twenty thousand dollars advanced.

Counsel for the appellant have very ingeniously presented the fact of this advancement by the contractor as differentiating the case from the case of *First National Bank* v. *Monroe County*, 131 Miss. 828, 95 So. 726, wherein it was held that the bank, as assignee of the "progress" fund, had a superior claim to the equity of subrogation claimed by the surety company. We can see no distinction in principle which can be fairly drawn as between the facts in the case at bar and the case of *First National Bank* v. *Monroe County, supra*. It is true the county had provided for an additional retainage to pay an advancement, but it is likewise true that the surety company had, by entering into its bond, approved the arrangement. The "progress" fund is assignable as held by us in *First National Bank* v. *Monroe County, supra*, and we are not inclined to modify that opinion, having announced our adherence to the principles therein annunciated in the case of *Canton Exchange Bank* v. *Yazoo County*, 144 Miss. 579, 109 So. 1.

*Affirmed and remanded.*